IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LYNN and DEBORAH KIRKPATRICK, § <br> Plaintiff § <br> § <br> vs. § <br> § <br> PORTFOLIO RECOVERY § <br> ASSOCIATES, LLC, § <br> Defendant § | CIVIL ACTION NO. <br><br> Jury Trial Demanded |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiffs, Lynn and Deborah Kirkpatrick, ("Plaintiffs"), individuals, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiffs seek to recover monetary damages for Defendant's violation of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendant transacts business in this district.

## PARTIES

1. Plaintiffs, Lynn and Deborah Kirkpatrick, ("Plaintiffs"), are natural persons residing in the State of Texas, County of Harris, and City of Pasadena.

2. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.45(4) and TEX. FIN. CODE § 392.001(1).

3. Defendant, Portfolio Recovery Associates, LLC ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

5. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

6. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the

money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8. In connection with the collection of an alleged debt in default, Defendant Portfolio Recovery Associates, LLC by and through its agent and/or employee "Jeffrey" ("Jeffrey"), placed a call to Plaintiff Lynn Kirkpatrick's ("Mr. Kirkpatrick") cellular telephone on March 22, 2012 at 5:20 P.M., and at such time, communicated with Mr. Kirkpatrick.

9. During the March 22, 2012 telephone conversation, "Jeffrey" asked to speak with "Deborah," Mr. Kirkpatrick's wife, Plaintiff Deborah Kirkpatrick ("Ms. Kirkpatrick").

10. When Mr. Kirkpatrick asked "Jeffrey" to further identify himself, "Jeffrey" stated only: "I am with Portfolio."

11. "Jeffrey" then asked Mr. Kirkpatrick if he was Ms. Kirkpatrick's husband, to which Mr. Kirkpatrick replied in the affirmative.

12. "Jeffrey" then told Mr. Kirkpatrick that he wanted "to help [Plaintiffs] out" with three accounts in his office for Capital One, Lowe's, and Orchard Bank.

13. After approximately five minutes into the telephone conversation on March 22, 2012, Mr. Kirkpatrick suspected that Defendant was a debt collector, though "Jeffrey" had not disclosed that Defendant was a debt collector.

14. At such time, Mr. Kirkpatrick told Jeffrey that he would have to discuss these matters with an attorney.

15. In response, "Jeffrey" continued to insist to Mr. Kirkpatrick that he had authority to "save [Plaintiffs] money."

16. At no time during its March 22, 2012 communication with Plaintiffs did Defendant disclose to Plaintiffs that the communication was from a debt collector.

17. At no time during its March 22, 2012 communication with Plaintiffs did Defendant identify itself by its true business and/or corporate name.

18. Further, by failing to disclose in its March 22, 2012 communication with Plaintiffs that the communication was from a debt collector, Defendant failed to meaningfully disclose its identity to Plaintiffs.

19. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's above violations of the FDCPA, Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

20. Plaintiffs repeats and re-alleges each and every allegation contained above.

21. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls in connection with the collection of a debt without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

22. Plaintiffs repeats and re-alleges each and every allegation contained above.

23. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose during every communication that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

24. Plaintiffs repeats and re-alleges each and every allegation contained above.

25. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means to collect or attempt to collect a debt or to obtain information concerning Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(3)

26. Plaintiff repeats and re-alleges each and every allegation above.

27. Defendant violated Tex. Fin. Code § 392.304(a)(3) by falsely representing that the debt collector has information or something of value for Plaintiffs in order to solicit or discover information about Plaintiffs.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Tex. Fin. Code § 392.304(a)(3);

b) Awarding Plaintiff statutory damages pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

28. Plaintiff repeats and re-alleges each and every allegation above.

29. Defendant violated Tex. Fin. Code § 392.304(a)(19) by using any false representation or deceptive means to collect a debt or obtain information concerning Plaintiffs.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Tex. Fin. Code § 392.304(a)(3);

b) Awarding Plaintiff statutory damages pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF DTPA

30. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

31. A violation of the Texas Debt Collection Act is a per se deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a). By its violations of the TDCA, Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

32. Defendant violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby demands a trial by jury.

                                        Respectfully submitted,

                                        By: /s/ Dennis R. Kurz
                                        Dennis R. Kurz
                                        Texas State Bar # 24068183
                                        Southern Texas State Bar # 1045205
                                        Dkurz@attorneysforconsumers.com
                                        WEISBERG & MEYERS, LLC
                                        Two Allen Center

1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:   (888) 595-9111
Facsimile:    (866) 565-1327

*Attorney for Plaintiff*
Lynn and Deborah Kirkpatrick